24 C.C.P.A. (Patents)

### In re BRUNNER et al.

### Patent Appeal No. 3682.

Court of Customs and Patent Appeals.
Jan. 4, 1937.

Usina & Rauber, of Washington, D. C. (Edward W. Shepard, of Washington, D. C., and Malcolm N. Rich, of New York City, of counsel), for appellants.

R. F. Whitehead, of New York City (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The Board of Appeals of the United States Patent Office affirmed the action of the Primary Examiner in rejecting two claims, Nos. 1 and 3, of appellants' application for a patent relating to a process or method of cooling rails, such rails as are ordinarily used by railroads and which are made by the rolling process. Two claims were allowed.

Appellants have appealed here from the decision of the Board of Appeals.

Claim 1 is illustrative of the subject matter involved and follows: "1. In the cooling of rails from a temperature above the upper critical temperature to atmospheric temperatures, the method which comprises cooling the rail at a normal hot bed cooling rate to a temperature approximating but not below 350° C. and retarding the cooling of the rail between the temperatures of 350° C. to about 100° C. to a rate approximating 25° C. per hour but determined by the specific steel composition and carbon content thereof."

The reference relied upon is a French patent to Mackie, 727,524 of March 29, 1932.

Appellants state that their invention "relates to an improvement in railroad rails and the object of the invention is to prevent the formation of 'internal fissures and shatter cracks' within the rail." The method of cooling is described in the above-quoted claim and needs no further explanation here.

The French patent to Mackie concerns the manufacture of rails for railroads and street cars. Mackie first permits the rails to cool normally, then places them in what the inventor has called a "cooling caisson" where cooling is continued at a reduced rate. They are introduced into the caisson at a temperature varied from 307° C. to 446° C., the average being 379° C. Claim 6 of the patent says that the normal cooling is continued to 350° C., after which the cooling is retarded. The end temperature in the process may be 50° C. above the temperature of the air or even "75° C. above that of the air to which they are to be exposed."

The Primary Examiner in rejecting the appealed claims stated that the claims define "a practice which is substantially identical to that found in the patent disclosure [the reference], and which, if differing at all from the patent, differs only in details which do not produce any new or unobvious result." The Examiner explained that the rate of cooling in the reference is not far from 25° C. per hour as called for by the claims of the instant application. The rate approximating 25° C. per hour, at which the rails are finally cooled, according to the claims, is determined by the specific steel composition and the carbon content thereof.

The Board of Appeals, in affirming the decision of the Examiner in rejecting the two claims here involved, pointed out that the exact degree of temperature employed in retarding the cooling was dependent upon the steel composition and the carbon content of the steel, and that this statement in the claims and in appellants' specification indicates some variation in the temperature range during cooling. The Board said:

" * * * It seems to us, however, the teaching of the patentee is to approximate uniformity, and the fact that the tests showed substantial uniformity in cooling, in our opinion, is sufficient for anticipation. We note that the rate of change is approximately 25° C. per hour as specified in the claims under rejection."

We are in agreement with the tribunals below that the French patent to Mackie anticipates the two broad claims of the application which are here under consideration, and the decision of the Board of Appeals is affirmed.

Affirmed.